IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS TROMBETTA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRETT GEIBEL, JANE PRICE, ROBERT )<br>BABICH, REBECCA MANNING AND )<br>AVANTI MANAGEMENT GROUP, LLC, )<br>)<br>Defendants. ) | Civil Action No. _____ |

## NOTICE OF REMOVAL

NOW COMES Defendant Avanti Management Group, LLC ("Avanti"), by its counsel Schnader Harrison Segal & Lewis LLP, and files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1441, and 1446, based upon the following:

1.  On November 26, 2018, Plaintiff Nicholas Trombetta filed a Complaint against Avanti Management Group, LLC ("Avanti") and Brett Geibel, Jane Price, Robert Babish, and Rebecca Manning (the record owners of Avanti) in the Beaver County Court of Common Pleas (Case No. GD-11553-2018) with a claim seeking declaratory relief (Count I), in addition to claims of conversion (Count II) and replevin/bailment (Count III). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.  Each of Plaintiff's claims seeks the same basic relief—namely, dominion/control of Avanti and its monetary assets—based on Plaintiff's assertion that all parties had previously agreed (a) that Plaintiff was to be the "beneficial" owner of Avanti, even though the individual Defendants were, and are, its record owners, and (b) that Plaintiff was eventually to be given record control of Avanti as well. *See* Complaint, at ¶¶ 8-9.

3. The action also references the federal criminal investigation into Plaintiff regarding his role in Avanti and how the Avanti revenues he seeks were potentially derived from criminal activity. *Id.*, at ¶ 23.

4. Conspicuously absent from Plaintiff's Complaint is the fact that the Avanti funds he seeks are also the subject of a related federal case brought under The False Claims Act (31 U.S.C. § 3729 et seq.), which was filed in 2012: *Brett Geibel ex. rel. United States of America v. Nicholas Trombetta, et al.*, No. 2:12-cv-00509, United States District Court for the Western District of Pennsylvania (the "Qui Tam Action"). *See* February 14, 2019 Order attached hereto as Exhibit B unsealing the Qui Tam complaint and requiring that all further filings in the Qui Tam Action be served upon the United States.

5. In other words, Plaintiff seeks the same money in this action that is also being sought on behalf of the United States in the related Qui Tam Action, which involves many of the same parties, including Plaintiff, who is a defendant in the Qui Tam Action.

6. As a result, the interests of many of the same and related parties (including the United States) are affected by the resolution of this action and the Qui Tam Action, and Plaintiff's ability to recover in this action is directly and necessarily dependent on, inter alia, (a) his and Avanti's liability under federal law in the Qui Tam Action, and (b) the application and interpretation of federal law in the Qui Tam Action.

7. Thus, significant, disputed, and substantial questions of federal law, including the application of the False Claims Act, are in the forefront of this action, creating "arising under" federal question jurisdiction in this Court under 28 U.S.C. § 1331.

8.     Avanti was served with a copy of the Complaint by Plaintiff on January 29, 2019. *See* Acceptance of Service attached hereto as <u>Exhibit C</u>. This Notice of Removal is filed within thirty (30) days of service of the Complaint.

9.     Copies of all process, pleadings, and orders served upon Defendants in this action (other than the Complaint) are attached hereto as <u>Exhibit D</u>.

10.    Pursuant to 28 U.S.C. § 1446(b)(2)(A) and (C), all Defendants in this action clearly, affirmatively, and unambiguously consent to removal of this action to this Court. Defendants' Notices of Consent to Removal are attached hereto as <u>Exhibit E</u>.

11.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel will promptly file a written notice of the filing of this Notice of Removal with the Court of Common Pleas of Beaver County, Pennsylvania.

WHEREFORE, Defendant Avanti hereby removes the above-captioned action currently pending in the Court of Common Pleas of Beaver County, Pennsylvania, Civil Division, to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

By:   /s/ Jonathan B. Skowron
      Paul H. Titus, Esq. (PA Id. No. 1399)
      Jonathan B. Skowron, Esq. (PA Id. No. 307558)
      SCHNADER HARRISON SEGAL & LEWIS LLP
      2700 Fifth Avenue Place
      120 Fifth Avenue
      Pittsburgh, PA 15222
      (412) 577-5200

      *Counsel for Defendant Avanti Management Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Notice of Removal** was served upon the following counsel of record by first-class mail, postage prepaid, this 28th day of February, 2019:

William D. Clifford, Esquire
DICKIE, MCCAMEY & CHILCOTE, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402

*Attorney for Plaintiff*

Wayne V. DeLuca, Esquire
601 Broad Street
Sewickley, PA 15143

*Attorney for Defendant Robert Babish*

Stephen S. Stallings, Esquire
The Law Offices of Stephen S. Stallings, Esq.
310 Grant Street, Suite 3600
Pittsburgh, PA 15219

*Attorney for Defendant, Rebecca Manning*

John D. Eddy, Esquire
Manor Building Penthouse
564 Forbes Avenue
Pittsburgh, PA 15219

*Attorney for Defendant Robert Babish*

Charles A. DeMonaco, Esquire
William L. Stang, Esquire
Jana Volante Walshak, Esquire
FOX ROTHSCHILD LLP
500 Grant Street, Ste. 2500
Pittsburgh, PA 15219

*Attorneys for Defendant, Jane Price*

Efrem M. Grail, Esquire
The Grail Law Firm
Koppers Building
436 Seventh Avenue, 30th Floor
Pittsburgh, PA 15219

*Attorney for Defendant Brett Geibel*

/s/ Jonathan B. Skowron
Jonathan B. Skowron